COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

ARMANDO MADRID,  §  No. 08-18-00062-CR

§

Appellant,  Appeal from the

§

v.  109th District Court

§

THE STATE OF TEXAS,  of Andrews County, Texas

§

Appellee.  (TC# 4715)

§

## MEMORANDUM OPINION

Armando Madrid appeals the trial court's order denying his motion to set aside his convictions of indecency with a child by sexual contact (Counts I and II) based on post-conviction DNA testing. Appellant was convicted of two counts of indecency with a child by sexual contact in 2007 and sentenced to serve twenty-five years in TDCJ-ID on each count. The trial court later granted Appellant's motion for DNA testing of certain items of the child victim's clothing. A semen stain was found on the victim's panties, but none was found on the victim's bra and a shirt. Appellant was identified to a reasonable degree of scientific certainty as the source of the DNA profile from the sperm fraction of the semen stain. Additionally, a mixture of DNA was found on the victim's pants, and Appellant was the lone contributor of the DNA profile from the sperm fraction. Following a hearing, the trial court entered an order finding that had the results of the DNA testing been available during the trial of the offense, it would not have reasonably affected

the probability of Appellant not being convicted. *See* TEX.CODE CRIM.PROC.ANN. art. 64.04 ("After examining the results of testing under Article 64.03 and any comparison of a DNA profile under Article 64.035, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted."). We affirm.

## FRIVOLOUS APPEAL

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex.Crim.App. 2008)("In Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978). Counsel has notified the Court in writing that he has delivered a copy of counsel's brief and the motion to withdraw to Appellant, and he has advised Appellant of his right to review the record, file a *pro se* brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex.Crim.App. 2014)(setting forth duties of counsel). Counsel provided a copy of the clerk's record and reporter's record to Appellant. Appellant has not filed a *pro se* brief.

After carefully reviewing the record and counsel's brief, we conclude that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that might arguably

support the appeal.  The judgment of the trial court is affirmed.


                                  GINA M. PALAFOX, Justice

January 30, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)